UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REMBRANDT DATA STORAGE, LP,<br><br>Plaintiff,<br><br>vs.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | Civil No. 10-693<br><br><br>ORDER AND FINAL JUDGMENT |

The foregoing Stipulation is approved and it is HEREBY ORDERED that:

Plaintiff Rembrandt's Motion for Dismissal and Final Judgment (Dkt. No. 104) is **DENIED AS MOOT** and Defendant Seagate's Motion for Summary Judgment of Noninfringement (Dkt. No. 105) is **GRANTED** as follows.

A. **Asserted Claims and Accused Products**

1. In this action, Plaintiff alleges that Defendant has infringed claims 1, 2, 5, 14, 17, 24, 26-29 and 36 of U.S. Patent No. 5,995,342 ("the '342 Patent") and claims 1, 2, 7, 8, 10-12, 16, 19, 22, 26-34 and 36 of U.S. Patent No. 6,195,232 ("the '232 Patent") by making, using, selling, offering for sale and/or importing into the United States write heads incorporated into certain hard disc drives, namely Defendant's Free Agent, Replica, Black Armor, Expansion, Barracuda, Momentus, Savvio, Cheetah, Constellation, Pipeline, DB35, and SV35 (the "Accused Devices").

2. All of the asserted claims of the '342 Patent and the '232 Patent are hereinafter collectively referred to as the "Asserted Claims" and the '342 Patent and the '232 Patent are hereinafter collectively referred to as the "Patents-in-Suit."

1

### B. Non-Infringement Based on "Elongated"

3. The Court construed the term "elongated" to mean "has more length than width" in an order dated October 18, 2011 and declined to further construe "elongated" in an order dated December 1, 2011. (Dkt. Nos. 95 and 100.)

4. The Asserted Claims of the Patents-in-Suit require that the top and bottom magnetic poles in the claimed write heads each have an "elongated" back portion or region.

5. Plaintiff concedes that, based on any application of the Court's construction of "elongated" as meaning "has more length than width" to the Accused Devices, no reasonable jury could find that Defendant's Accused Devices include a top and bottom magnetic pole each with an "elongated" back portion or region either literally or under the doctrine of equivalents. Accordingly, based on any application of the Court's construction of "elongated" as meaning "has more length than width" to Defendant's Accused Devices, none of Defendant's Accused Devices infringe any of the Asserted Claims.

6. Plaintiff disagrees with the Court's construction of "elongated" and believes the appropriate construction of "elongated" is "made longer than any other portion of the magnetic pole" and that each of the magnetic poles in the Accused Devices includes an "elongated" back portion or region under Plaintiff's proposed construction.

### C. Entry of Judgment

7. Based on the foregoing, Defendant is entitled to judgment of noninfringement of the Patents-in-Suit.

8. Plaintiff is not waiving its right to appeal the judgment of noninfringement and the claim construction on which it is based and Defendant is not waiving any of its rights, arguments, including any of Defendant's claim construction arguments, or defenses, including any of Defendant's non-infringement and invalidity defenses.

2

9. Judgment is hereby granted in favor of Defendant and against Plaintiff on Plaintiff's claims for patent infringement.

Entered this 29th day of February, 2012     BY THE COURT:

*Barbara B Crabb*
BARBARA B. CRABB
District Judge

Judgment entered this 2d day of March, 2012.

*Peter Oppeneer*
Peter Oppeneer, Clerk of Court

3

9. Judgment is hereby granted in favor of Defendant and against Plaintiff on Plaintiff's claims for patent infringement.

Entered this 29th day of February, 2012

BY THE COURT:

*Barbara B Crabb*
BARBARA B. CRABB
District Judge